Dear Mr. White:
According to your recent correspondence, the Southern University Board of Supervisors sold a piece of property formerly located on its Shreveport campus to the City of Shreveport for a ditch improvement or right of way. You also advise that the property was originally purchased in the name of the Louisiana State Board of Education (the "Board of Education").
With regard to the proceeds of the sale, you have requested that this office examine whether the University can retain the proceeds from the land sale, and if it can, whether there are any restrictions on the use of these proceeds. In accordance with our telephone conversation of August 13, 1993, it is my understanding that the University would like to utilize the money for repairs to existing buildings on Southern's Shreveport campus. You advised that the money would not be used for current operations.
Because of your advice that the property in question was formerly titled to the Board of Education, we assume, in the absence of your advice to the contrary, that the property in question was purchased by the Board of Education under the provisions of R.S. 17:2151, et seq. R.S. 17:2151 authorized the Board of Education to:
 ". . . construct, repair, equip and furnish necessary buildings and improve the facilities at the educational and charitable institutions of the state whether such institutions are under its supervision or not."
Relevant to your inquiry is R.S. 17:2151.1, which provides, in pertinent part:
 "The colleges under the control of the State Board of Education are authorized to retain any surpluses at the end of each fiscal year resulting from the operations of the various facilities operated within the revolving funds of said colleges and after servicing of bonds issued under authority of Act 619 of 1954; provided that such surpluses are to be expended within one year after the close of each fiscal year for the purchase of equipment, repairs, and improvements to existing revolving fund facilities, when approved by the commissioner of administration." (Added by Acts 1956, No. 119, Secs. 1, 2)
In conformity with this provision, it is the opinion of this office that Southern University can retain the proceeds of the sale and use same to make repairs to existing buildings on the Shreveport campus, but that the proceeds must be utilized for the repairs in accordance with the conditions of R.S. 17:2151.1.
We assume that there are no outstanding bonds issued under Act 619 which are secured by the property sold by Southern, or that are secured by the proceeds or revenues generated by the property sold. As such, Southern can retain the funds only if it expends the funds within one year after the close of the fiscal year in which they were received. Additionally, the funds must be utilized for the purchase of equipment, repairs or improvements to University facilities, and the particular expenditures must be approved by the Commissioner of Administration.
As I am sure you are aware, the funds must also be utilized strictly in accordance with rules of the Southern University Board of Supervisors, the University's management board.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0322n